UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ROBERT WISE,

    Plaintiff,

v.                                            CAUSE NO. 3:20-CV-95-DRL-MGG

MATTHEW HASSEL *et al.*,

    Defendants.

## OPINION & ORDER

Michael Robert Wise, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted). Nevertheless, [u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

> A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions. To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."

*Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

In the complaint, Mr. Wise alleges the following incidents:

- On July 17, 2019, Sheriff Hassel and Sergeant Holcomb placed him in an overcrowded cell at the Marshall County Jail.

- Since December 10, 2018, Dr. Tchapchet has refused to provide him medication or breathing treatments.

- Beginning on December 10, 2018, he was detained for eight days without a probable cause affidavit or arraignment.

These incidents, as described in the complaint, comprise neither a single transaction or occurrence nor a series of interrelated transactions or occurrences. *See In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) (stating that the operative test is "whether there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant"); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 201 (N.D. Ill. 2013) (same). Though these incidents may have occurred at the same jail, they involve different individuals committing different types of misconduct at various times over the course of two years. Mr. Wise's claims are unrelated. He cannot litigate them all in a single lawsuit.

When a *pro se* plaintiff files a lawsuit with unrelated claims, this court's practice is to allow him to decide which claim (or group of related claims) to pursue in the instant case and to allow him to decide whether to bring the remaining claims in separate lawsuits. This is the fairest solution to the plaintiff because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

For these reasons, the court:

(1) GRANTS Michael Robert Wise until <u>April 27, 2020</u> to file an amended complaint consistent with this order; and

(2) CAUTIONS Michael Robert Wise that, if he does not respond by that deadline, this cause will be dismissed without further notice.

SO ORDERED.

March 27, 2020                                                  *s/ Damon R. Leichty*
                                                                                Judge, United States District Court