UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ROBERT WISE,

    Plaintiff,

v.

    CAUSE NO. 3:20-CV-95-DRL-MGG

MATTHEW HASSEL *et al.*,

    Defendants.

OPINION & ORDER

Michael Robert Wise, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. To state a 42 U.S.C. § 1983 claim, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint. Mr. Wise alleges that, in July 2019, Sheriff Hassel and Jailer Holcomb subjected inmates to overcrowded and unsanitary conditions at the Marshall County Jail. They also have forced him to eat on a toilet or the floor instead of at a table. Because Mr. Wise is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a

legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Mr. Wise states a plausible Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb.

For these reasons, the court:

(1) GRANTS Michael Robert Wise leave to proceed on a Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb for money damages for allegedly subjecting him to overcrowded conditions since July 2019;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassel and Jailer Holcomb at the Marshall County Jail with a copy of this order and the amended complaint (ECF 5) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassel and Jailer Holcomb to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Michael Robert Wise has been granted leave to proceed in this screening order.

SO ORDERED.

July 14, 2020                                                    *s/ Damon R. Leichty*
                                                                          Judge, United States District Court